| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
|---|---|---|
| NITZA M. SÁNCHEZ CARTAGENA<br><br>Recurrente<br><br>VS.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrido | TA2025RA00040 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm. OASE-2024-00070<br><br>Sobre: IMPUGNACIÓN DE NOMBRAMIENTO |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de agosto de 2025.

Comparece la parte recurrente, Nitza M. Sánchez Cartagena mediante una *Petición de Revisión Administrativa*. Solicita la revocación de la *Resoluci[ó]n en Reconsideraci[ó]n* emitida el 29 de mayo de 2025 por la Oficina de Apelaciones del Sistema de Educación (OASE). La OASE reiteró la *Resoluci[ó]n* emitida el 21 de abril de 2025, y notificada el 22 de abril de 2025. Desestimó la *Apelación Administrativa* presentada por la recurrente, por falta de parte indispensable.

Por los fundamentos que expondremos, *revocamos* el dictamen administrativo recurrido.

**-I-**

El 16 de mayo de 2024, la parte recurrente objetó ante la Oficina de Investigaciones de Querellas de la parte recurrida, el Departamento de Educación, ciertos nombramientos efectuados por la agencia. El 9 de abril de 2024, la parte recurrente participó en el proceso de entrevistas y reclutamiento realizado para ocupar una de

las doce vacantes de Superintendente Auxiliar I disponibles en la Región Educativa de Caguas. Alegó que, el proceso de reclutamiento se limitó a una entrevista escrita, otra oral, y no recibió el resultado de la rúbrica de evaluación utilizada para evaluar a los candidatos. Asimismo, no tuvo acceso a la evidencia sobre la experiencia docente y la preparación académica de los miembros del Comité de Entrevistas. Según la parte recurrente, era evidente que, algunos de los miembros del comité no eran docentes, y tampoco poseían preparación académica superior a los candidatos para Superintendentes Auxiliares. En adición, señaló la ausencia de algún representante de la Secretaría Auxiliar de Recursos Humanos durante el proceso de entrevistas.

El 20 de noviembre de 2024, la entonces Secretaria de Educación cursó una carta a la recurrente en la que notificó que, acogía la recomendación del Comité Central de Impugnaciones y declaró *No Ha Lugar* la querella presentada. Inconforme, el 19 de diciembre de 2024, la parte recurrente presentó una *Apelación Administrativa* ante la OASE. El 4 de marzo de 2025, la OASE emitió una *Orden* para que, dentro de un término de cinco días, la recurrente mostrara causa por la cual no debía desestimar la apelación. La recurrente presentó una *Moción Informativa y Para Mostrar Causa* en la que reiteró haber notificado el recurso a la parte recurrida. El 21 de abril de 2025, la OASE emitió una *Resoluci[ó]n*, desestimó la apelación administrativa promovida. La OASE concluyó que, la parte recurrente dejó de notificar copia del recurso apelativo a los directores y directoras reclutados a los puestos de Superintendente Auxiliar I en la Región Educativa de Caguas, y a los miembros del Comité de Entrevistas.

El 12 de mayo de 2025, la parte recurrente presentó una *Moción de Reconsideración.* Admitió la necesidad de incluir a las personas nombradas a los puestos, pero alegó no poder descubrir la

identidad de estos antes de presentar la querella, pero que, la información podía obtenerse durante el descubrimiento de prueba. En cuanto a los miembros del Comité de Entrevistas, argumentó que, estos solo emiten una recomendación a la parte recurrida quien realiza la determinación final. La recurrida presentó *Moción Asumiendo Representación Legal y en Oposición a Moción de Reconsideración de la Parte Apelante.* Esencialmente, adujo que, el desconocimiento de la identidad de la persona cuyo nombramiento cuestiona no la releva de notificar a las partes afectadas. El 29 de mayo de 2025, la OASE dictó una *Resoluci[ó]n en Reconsideraci[ó]n* mantuvo en vigor la desestimación del recurso.

Inconforme, la recurrente compareció el 1 de julio de 2025, mediante *Petición de Revisión Administrativa,* y señala los siguientes errores:

ERRÓ LA OASE AL DESESTIMAR LA APELACIÓN CUANDO FUE RADICADA Y NOTIFICADA DENTRO DEL TÉRMINO JURISDICCIONAL CONFORME AL ARTÍCULO 6.02 DEL REGLAMENTO 9412.

ERRÓ LA OASE AL DESESTIMAR LA APELACIÓN Y REQUERIR LA NOTIFICACIÓN A LOS 12 SUPERINTENDENTES CUYOS PUESTOS FUERON IMPUGNADOS, ASÍ COMO AL COMITÉ DE ENTREVISTAS, DENTRO DEL TÉRMINO JURISDICCIONAL, CUANDO LA AGENCIA NUNCA NOTIFICÓ LA IDENTIDAD DE LOS EMPLEADOS, Y CUANDO LA RECLAMACIÓN ES CONTRA LA AUTORIDAD NOMINADORA.

El 4 de agosto de 2025, la parte recurrida compareció a través de un *Escrito en Cumplimiento de Resolución.* Contando con el beneficio de la comparecencia de ambas partes, así como del expediente administrativo, procedemos a disponer del recurso

-**II**-

-**A**-

En nuestro ordenamiento jurídico, las decisiones de las agencias administrativas están investidas de una presunción de corrección y legalidad. *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020). Lo anterior se fundamenta en el conocimiento

especializado y la experiencia (*expertise*) sobre la materia que su ley habilitadora le confiere jurisdicción. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR,* 144 DPR 425, 436 (1997). El conocimiento especializado de la agencia justifica que se sostengan sus determinaciones. *Pérez López v. Dpto. Corrección,* 208 DPR 656, 673-674 (2022); *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021).

La revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020). El tribunal respetará el dictamen de la agencia, salvo que, no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS,* 205 DPR 268, 282 (2020). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Pachecho v. Estancias,* 160 DPR 409, 431 (2003). En el caso de *Torres Rivera v. Policía de PR,* 196 DPR 606 (2016), el Tribunal Supremo de Puerto Rico expresó el alcance de la revisión judicial:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

> *Íd.,* pág 628.

La doctrina no exige la mejor decisión posible, sino que, dentro de las circunstancias particulares del caso, la determinación

sea razonable. *De Jesús v. Depto. Servicios Sociales,* 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros, supra,* pág. 819; *Torres v. Policía de PR, supra,* pág. 628. La sección 4.5 de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA sec. 9675 (LPAU), limita la discreción del tribunal revisor sobre las determinaciones de hechos:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Según transcrito arriba, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto corp.,* 173 DPR 870, 894 (2008). Como vimos, los tribunales apelativos, debemos considerar la especialización y la experiencia de la agencia respecto a las leyes y reglamentos que administra, inclusive al revisar conclusiones de derecho. *Asoc. Vec. H. San Jorge v. U. Med. Corp.,* 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces es revisable sin limitación. *Rivera v. A & C Development Corp.,* 144 DPR 450, 461 (1997). Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos una conclusión de derecho, ello no implica libertad absoluta para descartarla libremente. *López Borges v. Adm. Corrección,* 185 DPR 603, 626 (2012). Si del análisis realizado se desprende la razonabilidad de la conclusión, debemos abstenernos de intervenir,

y sustituir el criterio de la agencia por el nuestro. *Cruz v. Administración,* 164 DPR 341, 357 (2005).

### *-B-*

La Ley Núm. 85-2018, mejor conocida como la *Ley de Reforma Educativa de Puerto Rico*, según enmendada, 3 LPRA sec. 9801 *et seq.*, se aprobó a los fines de establecer la nueva política pública del Gobierno de Puerto Rico en el tema de educación. Como parte de la referida pieza legislativa, se creó la OASE y se le concedió facultad de revisar aquellas determinaciones finales administrativas sobre asuntos relativos a personal del Sistema de Educación. La ley dispuso para que la organización y la operación interna de la OASE fuera establecida mediante reglamento promulgado por el Secretario o Secretaria de Educación. 3 LPRA sec. 9803a. El Reglamento de la Oficina de Apelaciones del Sistema de Educación, Departamento de Estado, Reglamento Núm. 9412 de 25 de octubre de 2022 rige a la OASE. Contiene el procedimiento de apelación ante la OASE. El Artículo 6, Sección 6.0.2, del reglamento dispone:

> Notificación a las partes: la parte apelante notificará la apelación y cualquier apéndice incluido con ella a las partes dentro del término dispuesto para la presentación de la apelación. Este es un requisito jurisdiccional. La notificación de la apelación a las partes se hará entregando copia de la apelación y cualquier apéndice incluido con ella debidamente sellada por la oficina con la fecha y hora de su presentación mediante entrega personal, y el documento notificado deberá ser copia fiel y exacta del documento original.

El reglamento define a la parte apelada como la "parte contra quien se presenta la apelación." Artículo 5, Sección 5.15 del Reglamento de la Oficina de Apelaciones del Sistema de Educación, *supra,* pág. 5. La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula la acumulación indispensable de partes en un pleito:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que daba unirse como demandante rehúse hacerlo podrá unirse como demandada.

El requisito de acumular una parte indispensable es una exigencia del debido proceso de ley. *Pérez Ríos et al. v. CPE,* 213 DPR 203, 212 (2023). Este requisito responde a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de su libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. *Íd.*; *RPR & BJJ, Ex parte*, 207 DPR 389, 407 (2021). La parte indispensable es "aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las partes sin lesionar y afectar radicalmente sus derechos". *Pérez Ríos et al. v. CPE, supra*, pág. 213; *FCPR v. ELA et al.,* 211 DPR 521, 531 (2023). El interés común en la Regla 16.1 de Procedimiento Civil no "trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo". *Pérez Ríos et al. v. CPE, supra*, pág. 213. El interés común es un interés real e inmediato, no especulativo ni futuro, que impida un remedio adecuado porque podría afectar o destruir radicalmente los derechos de la parte ausente. *Íd.*

La falta de parte indispensable puede levantarse en cualquier momento, inclusive por primera vez en apelación, o *motu proprio* por el tribunal. *Pérez Ríos et al. v. CPE, supra*, pág. 213. Una sentencia, ausente una parte indispensable, adolece de nulidad. *Pérez Ríos et al. v. CPE, supra,* pág. 214; *FCPR v. ELA et al., supra*, pág. 532; En el contexto de procedimiento administrativo, se ha definido "parte" como:

> [T]oda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento.
>
> Artículo 1.3(k) de la LPAU, 3 LPRA sec. 9603(k).

Se considerará parte en un proceso administrativo a aquella persona "**cuyos derechos y obligaciones pueden verse afectados adversamente por la acción o inacción de la agencia**". *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 188 (2009). "[U]n empleado público de carrera posee un interés propietario en la retención de su empleo del cual **no puede ser privado sin que medie un debido proceso de ley**". *Rosa Maisonet v. ASEM*, 192 DPR 368, 384 (2015).

*-III-*

La OASE desestimó la querella presentada por la parte recurrente debido a la falta de partes indispensables. La recurrente argumenta que, el Reglamento 9412 no requiere notificar a quienes fueron nombrados para el puesto en cuestión. En el presente caso, la parte recurrente cuestiona el nombramiento de doce empleados de la parte recurrida a doce puestos vacantes de Superintendente Auxiliar I en la Región Educativa de Caguas. Es norma dentro del contexto administrativo, "partes" son aquellas personas potencialmente afectadas por la acción o la inacción de una agencia. *JP, Plaza Santa Isabel v. Cordero Badillo, supra,* pág. 188.

En vista de que, la parte recurrente no cuestionó el nombramiento de un solo puesto, más bien cuestionó todos los puestos, correspondía incluir a todas estas personas como partes en la querella.  Esto debido a que, la querella contiene el potencial de afectar el nombramiento del al menos uno de los actuales Superintendentes Auxiliares I de la Región Educativa de Caguas. Esto debido a que "un empleado público de carrera posee un interés propietario en la retención de su empleo del cual no puede ser privado sin que medie un debido proceso de ley". *Rosa Maisonet v. ASEM,* supra, pág. 384.

Los empleados cuyos nombramientos fueron cuestionados por la parte recurrente son partes indispensables en el

procedimiento y su ausencia privó de jurisdicción al foro administrativo. Ahora bien, no significaba la desestimación automática de la querella promovida. J. A. *Echevarría Vargas, Procedimiento Civil Puertorriqueño,* 1era ed. rev., 2012, págs. 139-141. Ante la circunstancia, la parte recurrida debió brindar oportunidad a la parte recurrente de traer a las partes omitidas al procedimiento administrativo en curso. *Cirino González v. Adm. Correccion,* 190 DPR 14, 93 (2014). "Mientras esté presente la posibilidad de traer a esa parte al pleito, no procederá la desestimación, sino que se concederá la oportunidad de incluir a dicha parte en el proceso". *Íd.*

Resaltamos que, la parte omitidas sin cuya presencia no puede confeccionarse un remedio adecuado son las 12 personas nombradas a los puestos vacantes anunciados para Superintendentes Auxiliares I en la Región Educativa de Caguas. Esto, por el efecto adverso que, una decisión final sobre el asunto en disputa podría tener sobre el derecho propietario de alguno de ellos. Sin embargo, determinamos que, los miembros del Comité de Entrevistas no son partes indispensables pues carecen de algún interés legítimo en la querella. El resultado del trámite administrativo ante la entidad nominadora, el Departamento de Educación, es inocuo respecto a sus derecho personales o propietarios. *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

En consecuencia, procede la revocación de la resolución recurrida. La parte recurrida deberá proveer los datos necesarios a la parte recurrente para facilitar la inclusión como partes a las 12 personas nombradas a los puestos de Superintendente Auxiliar I en la Región Educativa de Caguas.

### *-IV-*

Por los fundamentos previamente expuestos, los que hacemos formar parte de este dictamen, *revocamos* el dictamen administrativo recurrido, y *ordenamos* la continuación de los

procedimientos administrativos conforme a lo resuelto en esta sentencia.

       Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones